UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT DOUGLAS,

            Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.
_____/

Civil Case Number 20-12281
Criminal Case Number 17-20808
Honorable David M. Lawson

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

Petitioner Kevin Douglas pleaded guilty to two counts of conspiracy to produce child pornography. He was sentenced in September 2018 to concurrent 360-month prison terms. He did not appeal his conviction or sentence. Douglas filed a motion under 28 U.S.C. § 2255 to set aside his sentence and conviction followed by multiple supplements raising a variety of arguments. However, because he filed his motion out of time, and he has not identified any basis for extending the filing deadline, the motion will be denied.

I.

Douglas was charged along with his co-defendant, Katrina Lane Rickard, in five counts of an indictment alleging conspiracy to produce child pornography, coercion and enticement of a minor, and receipt of child pornography. The charges arose from a series of "sexting" exchanges between Douglas and Rickard during which Douglas disclosed that he liked having sexual contact with children and wanted to have sexual contact with Rickard's minor grandchildren. On various occasions between December 2016 and October 2017, Douglas sent messages to Rickard asking her to produce and send to him images and videos of Rickard engaged in sexual activity with her three grandchildren, and Rickard obliged.

The six-count indictment charging Douglas and Rickard was filed on November 30, 2017. On May 30, 2018, Douglas pleaded guilty to Counts I and II charging conspiracy to produce child pornography. The remaining charges were dismissed on the government's motion. On September 4, 2018, the Court sentenced Douglas to concurrent terms of 360 months in prison. He did not appeal. The motion to vacate was signed and dated on August 6, 2020 and received and docketed by the Clerk of Court on August 11, 2020.

In his motion and various supplemental and amended filings, all of which the Court has construed as amended or supplemental briefs in support of the motion, Douglas raises the following substantive grounds for relief from the convictions and sentences: (1) there was an unjustified disparity in sentences between Douglas and his co-defendant, (2) evidence seized by government investigators was illegally obtained, (3) statements made by a witness who gave information to the government about the case were not disclosed to the defense, (4) defense counsel was ineffective by failing to provide to Douglas "all documents in [the] case that were submitted to the [Court]," including statements made by a witness, (5) the sentencing guidelines were merely advisory, not mandatory, and were improperly calculated, (6) the sentence should be reduced to time served so that Douglas may be deported from the United States, (7) a five-point enhancement to the offense level based on a "pattern of activity involving prohibited sexual conduct" was improperly applied to increase the sentence, and (8) the convictions are defective because there was no valid "nexus" between the charged activity and interstate commerce, and so applied the criminal statute exceeded Congress's authority to regulate the production of child pornography under the Commerce Clause.

The government argues that the Court should not address any of these arguments because Douglas filed his motion after the limitations period expired.

II.

The statute of limitations governing the filing of a § 2255 motion is set forth in 28 U.S.C. § 2255(f) and states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(f)). Where a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of conviction becomes final, and the one-year limitations period begins to run when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

The motion to vacate the convictions and sentences was filed well beyond the one-year limitations period and must be denied for that reason alone. Douglas was sentenced on September 4, 2018. He did not file a direct appeal. His conviction therefore became final on September 18, 2018, when the 14-day period for filing a notice of appeal expired. To be timely, a motion to vacate would need to be filed no later than September 19, 2019. However, the motion was signed and dated by the petitioner on August 5, 2020, almost one year after the limitations period had expired. It was received and docketed by the Clerk of Court on August 11, 2020. By any

reckoning, the motion was filed well beyond the application one-year limitations period after the judgment became final. *See* 28 U.S.C. § 2255(f)(1).

The filing deadline for a motion under section 2255 may be tolled in some circumstances, but the petitioner must have "exercised reasonable diligence pursuing his claims," and he must show that "some extraordinary circumstance prevented him from filing a timely petition." *Hansberry v. United States*, No. 22-1482, 2023 WL 1432037, at *2 (6th Cir. Jan. 18, 2023) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (stating that equitable tolling requires the petitioner to make "a two-part showing")). But "'equitable tolling is used sparingly by federal courts,'" and "'[t]he party seeking equitable tolling bears the burden of proving he is entitled to it.'" *Avery v. Wainwright*, No. 20-3530, 2022 WL 1498431, at *3 (6th Cir. May 12, 2022). "To satisfy the extraordinary circumstances element, a petitioner must demonstrate [that] an external obstacle prevented the timely filing of a habeas petition." *Id.* at *6 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

In the section of his initial motion addressing "timeliness," Douglas states that his untimely filing should be excused because the federal prison "where I am serving my time was locked down multiple times in 2019 for a total length of more than two months," and "when on lockdown I do not have access to the law library, copy machine, legal help, and legal forms." Douglas also wrote that "[due] to [] COVID-19 in 2020 we have been on lockdown." And in a reply brief, Douglas again asserts that his "prison went on lockdown on April 1, 2020 [due] to the COVID-19 [pandemic]." He further asserts, without elaboration, that "[i]n 2019 the prison was on multiple lockdown[s] unrelated to COVID-19 totaling several months." Reply, ECF No. 137, PageID.776. Douglas adds that he "has had a learning, speech and hearing problem his whole life including Dyslexia that slows down his ability to comprehend at [the] level of an average person," and he

says that he "had no legal help" and "had to rely on his own abilities to file his 2255 [petition]." *Ibid.* Shifting gears slightly, Douglas further argues that the "sentencing disparity" between his and Rickard's punishments is "new evidence" that he did not discover until he received a letter from his trial counsel in June 2020 that "confirmed the disparity." He also argues that the district court ruling in *United States v. Hoyer*, 411 F. Supp. 3d 406 (W.D. Ky. 2019), on which he relied in arguing that custodial statements made by him to Homeland Security agents were illegally obtained, was not issued until October 1, 2019, and that his claim grounded on that decision is "timely" because his motion to vacate was filed within one year after the *Hoyer* case was decided. Beyond that, Douglas's various filings do not present any developed legal argument or factual basis concerning the application of tolling or any other exception to the limitations period.

None of the amended or supplemental arguments in support of the motion establish that any applicable exception to the limitations period should apply to excuse the untimely filing.

First, Douglas asserts that the late filing should be excused due to the COVID-19 lockdown at his prison. However, he concedes that pandemic-related lockdowns did not commence at his facility until April 1, 2020, more than six months after the one-year limitations period already had expired. Any delay in filing due to the pandemic is immaterial to the application of the limitations period in this case.

Second, Douglas says that his prison was on lockdown for other reasons unrelated to the pandemic for unspecified periods during 2019 that amounted to "several months." He says that during those periods, he was not allowed to access legal assistance or the prison law library. However, the Sixth Circuit consistently has held that lack of access to a prison law library does not provide grounds for equitable tolling of the limitations period. *Hansberry*, 2023 WL 1432037 at *2 ("Hansberry's *pro se* status and limited access to the prison law library were insufficient to

justify equitable tolling.") (citation omitted); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751-52 (6th Cir. 2011) ("Hall's inability to access the transcript of his trial is unfortunate. But it is not enough, even in combination with his *pro se* status and limited law-library access, to warrant the equitable tolling of AEDPA's limitations period.")). Moreover, Douglas makes no effort to explain why limited periods of lockdown amounting to "several months," at unspecified times, prevented him from filing his petition at any time before the limitations period expired in September 2019. He also conspicuously does not assert that during any periods of lockdown he was denied access to his own legal papers or records, writing materials, or sending and receiving prison mail. The claim that the untimely filing should be excused due to unspecified periods of prison lockdowns is not supported by any substantial factual basis.

Third, Douglas says that the delay in filing should be excused due to a "learning disability" that "slows" his comprehension. However, the Sixth Circuit has held that even a complete inability to read and write in the English language, and a claimed lack of understanding of procedural rules, do not qualify as grounds for equitable tolling. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."). Again, conspicuously, the petitioner does not allege that any obstacles of comprehension prevented him entirely from preparing papers or otherwise engaging the Court during his incarceration. Any such claim, moreover, is belied by the record, which discloses numerous *pro se* filings that Douglas submitted to the Court, all of which were written in coherent English. *See id.* at 443 ("[T]he petitioner . . . who asserted difficulty with

English as an excuse for failing to file his habeas petition in a timely manner, could not prevail on his [equitable tolling] claim because he had written three letters in English and submitted them to the court during the course of the trial, thereby showing that the language barrier was not impeding his access to the courts.").

Fourth, Douglas contends that evidence of a "sentencing disparity" between his 360-month prison term and the 240-month term imposed on his co-defendant is "new evidence" that should sustain a claim filed beyond the one-year limitations period. That argument apparently is an attempt to invoke 28 U.S.C. § 2255(f)(4), which states that the one-year limitations period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." However, Douglas's co-defendant, Katrina Rickard, was sentenced on June 11, 2019, which was more than 14 months before Douglas filed his section 2255 motion. *See* Judgment, ECF No. 118. Douglas maintains that he "did not discover" the alleged disparity in sentences until he received a letter from his trial counsel in June 2020. Douglas has not cited any legal authority for the proposition that he should be excused for remaining unaware for more than 14 months about facts evidenced in the public record of the same proceeding in which he was prosecuted. He cannot establish that the alleged sentencing disparity should not have been discovered with reasonable diligence. *See United States v. Watson*, No. 15-20217, 2021 WL 2579757, at *6 (E.D. Mich. June 23, 2021) ("Under § 2255(f)(4), the limitations period runs from 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.' Defendant based the amended claim on a 2010 Wayne County Circuit Court consent decree that he discovered. But the consent decree is a public document. In brief, Defendant should have known about the consent decree as early as August 2010 because the record is a public document.") (citations omitted). For the same reasons,

Douglas cannot establish the reasonable diligence element of a claim for equitable tolling based on the purported "new evidence."

Finally, Douglas contends that the untimely claim that his custodial confession was obtained illegally should be allowed to proceed because the district court decision on which the petitioner principally relies, *United States v. Hoyer*, 411 F. Supp. 3d 406 (W.D. Ky. 2019), was not issued until October 2019. Douglas contends that the *Hoyer* decision constitutes "new law" developed after the limitations period expired, and he says that his claims are timely because his motion was filed within one year after the *Hoyer* decision was issued. That argument appears to be a misguided attempt to invoke 28 U.S.C. § 2255(f)(3), which states that the limitations period commences on "the date on which the right asserted was initially recognized *by the Supreme Court*, if that right has been newly recognized *by the Supreme Court* and made retroactively applicable to cases on collateral review" (emphasis added). The *Hoyer* case was not a decision of the Supreme Court, and Douglas has not cited any legal authority for the proposition that a delayed or renewed limitations period under section 2255(f) may be triggered by the "development" of new law in non-controlling decisions of federal district courts.

None of the grounds asserted by the petitioner establish either a later date for commencements or grounds for tolling the limitations period.

### III.

The petitioner's motion to vacate his sentence was filed beyond the one-year period of limitations, and he has not established any basis for enlarging or tolling the period.

Accordingly, it is **ORDERED** that the petitioner's motion and amended and supplemental motions to vacate his conviction and sentence (ECF No. 123, 140, 142, 143, 145, 148, 154) are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:  July 10, 2023