UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT DOUGLAS,

            Petitioner,         Case Number 17-20808
v.                                                 Honorable David M. Lawson

UNITED STATES OF AMERICA,

            Defendant.
_____/

### ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE COURT OF APPEALS

This matter is before the Court on a motion filed by petitioner Kevin Scott Douglas styled as a "motion to overturn/resentence." Douglas pleaded guilty to two counts of conspiracy to produce child pornography. He was sentenced in September 2018 to concurrent 360-month prison terms. He did not appeal his conviction or sentence. On August 6, 2020, Douglas filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. The Court denied that request as untimely. ECF No. 181. Douglas did not appeal that determination. In his present motion, he challenges as unconstitutional the statute of his conviction —18 U.S.C. § 2251(a) — on the ground that it exceeds Congress's authority to regulate interstate commerce. It appears that he raised this ground in his previous motion. ECF No. 181, PageID.1125.

An individual who wants to file a second or successive motion under section 2255 first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without

preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a successive motion to vacate from the court of appeals. Therefore, the Clerk of Court must transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court **TRANSFER** the petitioner's motion to vacate overturn/resentence (ECF No. 196) to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 8, 2024